IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-355-D
No. 5:21-CV-239-D

| | |
|---|---|
| ALEXANDER RICKY SHAW, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 2, 2021, Alexander Ricky Shaw, Jr. ("Shaw" or "petitioner"), moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 204-month sentence [D.E. 182]. On July 15, 2021, the government, moved to dismiss [D.E. 191] and filed a memorandum in support [D.E. 192]. On September 7, 2021, Shaw responded in opposition [D.E. 197]. On October 25, 2021, the court denied the motion to dismiss [D.E. 205]. On November 1, 2021, the court referred the case to Magistrate Judge Numbers for a prompt evidentiary hearing and memorandum and recommendation [D.E. 206].

On April 18, 2022, Judge Numbers held an evidentiary hearing. See [D.E. 225, 226]; Tr. [D.E. 227]. On June 15, 2022, Magistrate Judge Numbers issued a comprehensive M&R [D.E. 228]. In that M&R, Judge Numbers recommended that the court deny Shaw's ineffective assistance of counsel claim. See id. at 4–11. On June 30, 2022, Shaw objected to the M&R [D.E. 229].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, and the objections. The court agrees with the analysis in the M&R. Thus, the court adopts the M&R [D.E. 228].

After reviewing the claims presented in Shaw's motion, the court finds that reasonable jurists would not find the court's treatment of Shaw's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 228], and DISMISSES petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 182]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 13 day of September, 2022.

JAMES C. DEVER III
United States District Judge